USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 9, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JESSE SHANNON, :
:
                Plaintiff, :
:
            -v- : 13-cv-4530 (KBF)
:
: MEMORANDUM
D. VENETTOZZI et al., : OPINION & ORDER
:
                Defendants. :
:
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      Plaintiff Jesse Shannon, initially proceeding pro se, filed his first complaint in this action on June 28, 2013, alleging that in 2011 he had been repeatedly groped by a corrections officer in violation of the Eighth Amendment, that other officers violated his rights by failing to protect him from sexual assault, and that he had been retaliated against for complaining of the alleged assaults. (ECF No. 2.) Plaintiff sought both damages and injunctive relief. (Id. at 6.) Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 64.)

      On January 8, 2015, the Court granted defendants' motion in its entirety. (ECF No. 81, Shannon v. Venettozzi, No. 13-cv-4530, 2015 WL 114179 (S.D.N.Y. Jan. 8, 2015).) As is relevant here, the Court held that allegations of Correctional Officer Jermaine McTurner fondling and grabbing plaintiff's genital area and buttocks on several occasions, while despicable, did not rise to the level of what the

Second Circuit had previously found to violate the Constitution. (Id. at *4-5 (citing Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997).) Plaintiff appealed, and on November 15, 2016, the Second Circuit vacated the dismissal of plaintiff's Eighth Amendment claims in light of its intervening August 11, 2015 decision in Crawford v. Cuomo, 796 F.3d 252 (2d Cir. 2015). (ECF No. 95, Shannon v. Venettozzi, 670 F. App'x 29, 31 (2d Cir. 2016).) In Crawford, the Second Circuit held that district courts had been interpreting its 1997 opinion in Boddie v. Schnieder too narrowly, and that "[l]ess severe but repetitive conduct may still be 'cumulatively egregious' enough to violate the Constitution." Crawford, 796 F.3d at 257 (quoting Boddie, 105 F.3d at 861).

Plaintiff retained counsel in early February 2017. (ECF No. 96.) After seeking and receiving leave to amend the complaint, plaintiff's counsel filed a first amended complaint ("FAC"), which reiterates plaintiff's Eighth Amendment claims pursuant to 42 U.S.C. § 1983 but, unlike plaintiff's original complaint, does not seek injunctive relief. (See ECF No. 103.) On March 17, 2017, defendants again moved to dismiss the complaint. (ECF No. 104.)

The Court assumes familiarity with, and therefore will only briefly summarize, the facts alleged in plaintiff's FAC. Plaintiff is currently incarcerated at Sing Sing Correctional Facility in Ossining, New York, and has been at all times relevant to this action. (FAC ¶ 9.) He alleges that defendant McTurner repeatedly sexually assaulted him when plaintiff attempted to use the restroom during visitation time, and that defendants Correctional Officer Nitoscha Moore and

2

Correctional Sergeant V. Colon ignored plaintiff's requests for intervention to stop the alleged assaults. (Id. ¶¶ 12-20.) For example, plaintiff alleges that in August 2011, he was waiting in line to use the restroom during a visit from his wife when defendant McTurner sexually assaulted plaintiff by rubbing plaintiff's genitalia, inner thighs, stomach, and chest. (Id. ¶ 12.) Plaintiff alleges that defendant McTurner's touching was sexual in nature and "totally unconducive to a legitimate search for contraband." (Id.) Plaintiff claims that when he complained to defendant Moore—who, he alleges, witnessed the assault—Moore ignored him and refused to intervene. (Id. ¶ 13.)

Defendants move to dismiss the FAC for failure to state a claim because, inter alia, defendants have qualified immunity from plaintiff's Eighth Amendment claims, and plaintiff has not shown that Crawford's holding was clearly established law at the time of defendant McTurner's alleged conduct. (ECF No. 104 at 10.) The Court agrees.

Qualified immunity attaches unless the right plaintiff claims was "so clearly established" that "it is obvious that no reasonably competent officer would have concluded" the alleged conduct was constitutionally permissible. Malley v. Briggs, 475 U.S. 335, 341 (1986); see also Reichle v. Howards, 566 U.S. 658, 132 S. Ct. 2088, 2093 (2012); Pearson v. Callahan, 555 U.S. 223, 231 (2009). This is a high bar, as qualified immunity "gives ample room for mistaken judgments" and "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley, 475 U.S. at 343, 341.

In the eighteen years between Boddie and Crawford, district courts repeatedly declined to find unconstitutional conduct similar to that alleged here. See, e.g., Irvis v. Seally, 2010 WL 5759149, at *1 (N.D.N.Y. Sept. 2, 2010), report and rec. adopted 2011 WL 454792 (N.D.N.Y. Feb. 4, 2011) (dismissing plaintiff's Eighth Amendment claim alleging three instances of sexual touching during strip searches); Garcia v. Watts, No. 08-cv-7778, 2009 WL 2777085, at *6-*7 (S.D.N.Y. Sept. 1, 2009) (dismissing plaintiff's Eight Amendment claim alleging continuous harassment extending over one year, including incidents of defendant grabbing prisoner's buttocks and rubbing his penis against prisoner's buttocks); Montero v. Crusie, 153 F.Supp.2d 368, 372-73, 375 (S.D.N.Y. 2001) (granting summary judgment in part because a corrections officer who "threw kisses" at plaintiff, "squeezed plaintiff's genitalia" on several occasions, and spread rumors about plaintiff's sexuality did not violate the Eight Amendment). Moreover, as the Second Circuit explained in its decision in this action, "Crawford observed that 'conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency.'" 670 F. App'x at 31 (quoting Crawford, 796 F.3d at 260)).

Crawford's broader interpretation of Boddie was therefore not clearly established at the time of the alleged sexual assaults, and it was not objectively unreasonable for officials to believe that defendant McTurner's conduct did not violate the Constitution. It is therefore not the case that "existing precedent placed the conclusion that [defendants] acted unreasonably in these circumstances 'beyond

4

debate.'" Mullenix v. Luna, 136 S. Ct. 305, 309 (2015) (quoting Ashcroft v. Al-Kidd, 563 U.S. 731, 741 (2011)).

Because defendants have immunity against plaintiff's remaining claims, and because plaintiff no longer seeks injunctive relief, the Court need not reach the additional bases on which defendants move to dismiss. (See ECF No. 106; Sudler v. City of New York, 689 F.3d 159, 177-78 (2d Cir. 2012).)

The motion to dismiss is GRANTED. The Clerk of Court is directed to close the motion at ECF No. 104 and to terminate this action.

SO ORDERED.

Dated: New York, New York
May 9, 2017

_____
KATHERINE B. FORREST
United States District Judge